### SMITH & CRITTENDEN v. WHEELER ET AL.

1. **Equity:** STATUTE OF LIMITATIONS: RELIEF AGAINST.• A court of equity will not extend a statute of limitations or relieve from its operation, in favor of a creditor, who relied implicitly upon the mail for the transmission of his claim, and who did not discover that it had miscarried, until several months after the time for filing claims had expired.

*Appeal from Crawford District Court.*

MONDAY, JUNE 12.

ACTION in equity to obtain relief against an accident, alleged to have occurred, whereby the plaintiffs failed to file a claim with the assignee of their debtor, the defendant Wheeler. The question presented arises upon demurrer to the plaintiffs'·petition. They averred in substance that their debtor, Wheeler, made an assingment for the benefit of his creditors, to the defendant, Richards; that the other defendants are creditors, who filed their verified claims with the assignee within the period of three months, as provided by statute; that plaintiffs intended to file their verified claim

Smith & Crittenden v. Wheeler.

also within that period; that they mailed the same in due time to the assignee at his place of residence, with postage prepaid, but the same was lost in transmission; that they had no knowledge of the loss, but supposed that the same had been duly received by the assignee and filed, until several months after the period of three months had expired. They further averred that the assignee had sufficient funds in his hands to pay them their full pro rata dividend. The defendants demurred to the petition, and the demurrer was sustained. The plaintiffs appeal.

*Clinton, Hart & Brewer*, for appellants.

*Conor & Shaw* and *Garrison & Roberts*, for appellees.

ADAMS, J.—It is not the province of a court of equity, ordinarily, to extend a statute of limitations, or relieve from its

1. EQUITY: statute of limitations; relief against.

operation, so as to enable a creditor to enforce a claim which has become barred at law, except where the statute itself so provides. *Sugg v. Thrasher*, 30 Miss., 135.

The time allowed should be sufficient for careful and diligent creditors, notwithstanding the accidents and mistakes which are liable to occur and cause delay. We think we must conclusively presume that it is.

The plaintiffs' fault was in relying implicitly upon the mail, when it is not to be implicitly relied upon. They should have called for an acknowledgment of the receipt of their claim. Had they done so, their failure to get such acknowledgment would have indicated that it had not been recieved.

We think that the demurrer was rightly sustained.

AFFIRMED.